IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| TIMOTHY TRIGG<br>ANGELA TRIGG | **PLAINTIFFS** |
| VERSUS | CIVIL ACTION NO. 3:18-cv-00067 |
| PLATINUM LEVEL TRANSPORT, INC.;<br>ENTIMO E. CORADO MERIDA<br>and JOHN DOES 1-5 | **DEFENDANTS** |

## COMPLAINT

Plaintiffs, Timothy Trigg ("Tim") and Angela Trigg ("Angela") (hereinafter collectively referred to as "Plaintiffs") file their Complaint against Defendants Platinum Level Transport, Inc. ("Platinum Level"), Entimo E. Corado Merida ("Merida"), and John Does 1-5 (hereinafter collectively referred to as "Defendants"), and request this Court grant judgment in favor of Plaintiffs against the Defendants due to their negligence and gross negligence that caused him to suffer severe injury and would show unto the Court the following:

### Parties

1. At the time of the collision and currently, Tim Trigg and Angela Trigg are adult resident citizens of the State of Mississippi and resides in Waynesboro, Mississippi.

2. Defendant Platinum Level Transport is a foreign corporation with its headquarters in Los Angeles, California. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Secretary of State, Austin, Texas, 1019 Brazos, Travis County, Texas, 78701 who shall then forward a copy of this petition upon Defendant's registered agent, Luis A. Flores at 1353 W. 73rd, Los Angeles, CA 90044 and/or wherever may be found.

1

3.      Defendant Entimo E. Corado Merida is a nonresident of Texas. Defendant is not required to designate an agent for service of process in the State of Texas. Pursuant to CPRC § 17.061, et.seq., the Chairman of the Texas Transportation Commission is an agent for service of process on such non-resident for this case which grows out of a collision in which the person was involved while operating a motor vehicle in this state. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701, who shall then forward a copy of this petition upon Entimo E. Corado Merida, by registered mail, return receipt requested. Defendant's last known address is 31635 Avenida El Pueblo Apt. B, Cathedral City, CA 92234 and/or where ever he may be found.

4.      Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiff for the claims asserted herein. Plaintiffs will amend their Complaint once the identities of the unknown Defendants are learned.

## Jurisdiction and Venue

5.      Jurisdiction is proper in this Court because this is a tort action that occurred in Texas involving a Mississippi resident and a California resident, and Federal Court has jurisdiction over diversity claims.

6.      Venue is proper in this Court pursuant to U.S.C.A § 1391.

## Common Allegations

7. On March 27, 2016, Tim was lawfully operating his 18 wheeler on Interstate 10 in Hudspeth County, TX, in a manner in accordance with the law and the traffic conditions present.

8. At that time and place, Entimo E. Corado Merida ("Merida") was operating a commercial motor vehicle transporting hazardous material owned by Defendants Platinum Level Transport, and in violation of his duty to exercise due care and contrary to the rules of the road, failed to keep a proper speed appropriate for an Interstate and the traffic conditions present.

9. Merida was driving down the Interstate at the low rate of speed of 10 mph causing Plaintiff to be unable to keep from hitting Merida due to Merida's vehicle being almost at a complete stop on the Interstate.

10. At all times herein, Merida was acting in the course and scope of his employment with Platinum Level. Further, at all times herein, Merida and Platinum Level was engaged in interstate commerce.

11. Following the crash, Trigg was transported by ambulance to Del Sol Medical Center in El Paso, Texas. Trigg was treated by for approximately 3 days at Del Sol Medical Center by the following medical providers, who, under information and belief, are residents and/or employed in El Paso County Texas: Jose Loaiza, Amy Maxwell, Frederick Wendt, Stephen Flaherty, Spencer Frink, and April Frowner.

## Count I – Claim for Negligence

12. Plaintiffs incorporate and re-alleges all previous paragraphs set out herein.

13. Merida was negligent in the operation of his vehicle in the following respects:

    a.    failed to keep a proper lookout for others;

    b.    failed to keep his truck under control;

c. failed to see what reasonably should have been seen;

d. failed to keep proper and reasonable speed;

e. failed to maintain a speed of above 40 mph as to avoid collision;

f. failed to maneuver his motor vehicle so as to avoid causing collision;

g. failed to drive vehicle in a safe and reasonable manner;

h. failed to pay attention to circumstances around him;

i. failed to drive with due regard for the safety of others;

j. operated a commercial motor vehicle while fatigued;

k. operated a commercial motor vehicle while his ability and alertness was impaired;

l. failed to properly maintain and inspect his commercial vehicle;

m. violated state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 to 399;

n. violated the forty (40) mile per hour rule [395.3(a)(1)];

o. violated, TX Transp. Code § 545.363 by driving his motor vehicle in a careless and imprudent manner without due regard for traffic and all other attendant circumstances;

p. failing to properly inspect his commercial motor vehicle [396.13]

q. violated TX Transp. Code §545.351 by failing to operate his motor vehicle at a reasonable rate of speed having due regard for the conditions present and the condition of the vehicle she was operating; and

r. violated TX Transp. Code §545.351 by failing to have due regard to the speed of the vehicles and the traffic conditions at the time.

14. As a direct and proximate result of the negligence of Merida and Platinum Level, Tim was caused to suffer serious, permanent, painful and disabling injuries, which resulted in the following damages to Tim:

   a. medical and drug expenses to date;

   b. pain, suffering and mental anguish to date;

   c. non-permanent injuries, pain, suffering and mental anguish to date;

   d. pain, suffering and mental anguish for the remainder of his life;

   e. future medical and drug expenses;

   f. permanent disability and disfigurement;

   g. loss of enjoyment in life and quality of life;

   h. loss of time and earnings;

   i. loss of future wage-earning capacity;

   j. all damages allowed by law.

## Count II – Claim for Negligence *Per Se*

15. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

16. Merida and Platinum Level was negligent in the operation of his vehicle in the following respects:

   a. violated state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 to 399;

   b. violated TX Transp. Code §545.353 to 545.357, by driving his motor vehicle in a careless and imprudent manner without due regard for traffic and all other attendant circumstances;

    c.    Failed to operate his motor vehicle at a reasonable rate of speed having due regard for the conditions present and the condition of the vehicle he was operating; and

    d.    Failed to slow or otherwise maneuver his motor vehicle so as to avoid a motor vehicle collision.

### Count III – Plaintiffs Claim for *Respondeat Superior*

17.    Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

18.    Because Merida was, at all times relevant, acting within the scope of his employment for Platinum Level in driving the company truck, Platinum Level Transport is liable for the negligent acts and omissions of their driver, Merida, pursuant to *respondeat superior*.

19.    As a direct and proximate result of the entrustment and negligent entrustment of Platinum Level of their company truck to Merida, Tim was caused to suffer serious, permanent, painful and disabling injuries which resulted in the following damages to Tim:

    a.   medical and drug expenses to date;

    b.   pain, suffering and mental anguish to date;

    c.   non-permanent injuries, pain, suffering and mental anguish to date;

    d.   pain, suffering and mental anguish for the remainder of his life;

    e.   future medical and drug expenses;

    f.   permanent disability and disfigurement;

    g.   loss of enjoyment in life and quality of life;

    h.   loss of time and earnings;

    i.   loss of future wage earning capacity;

    j.   all damages allowed by law.

### Count IV – Plaintiffs' Claims for Negligent Hiring, Negligent Training, Negligent Retention, Negligent Supervision, and Improper Vehicle Maintenance & Inspection

20. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

21. Defendant Platinum Level has a duty to act reasonably in hiring, retaining, training and/or supervising Merida, and to promulgate and enforce rules and regulations to ensure their drivers and vehicles are reasonably safe. Defendant, Platinum Level has a duty to reasonably and properly maintain and inspect their vehicles.

22. Platinum Level failed and breached the above-mentioned duties and were therefore negligent.

23. Platinum Level violated and encouraged Merida to violate state and federal statutes and regulations, including but not limited to 49 C.F.R. § 350 – 399. Platinum Level further failed to inspect and maintain the truck in violation of state and federal law.

24. Platinum Level's statutory violations and breach of duties directly and proximately caused Tim's damages and injuries.

### Count V – Loss of Consortium

25. Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

26. Angela Trigg is, and was at the time of the incident, made the subject of this Complaint, as Tim's wife.

27. As a result of the injuries inflicted on Tim, which are the subject of this Complaint, Angela has suffered excruciating loss of companionship, consortium, and household services, and mental anguish.

28. Angela has also lost time from work and monies from her retirement account due to the need for her to care for her husband, Tim.

### Count VI – Punitive Damages

29.     Plaintiffs incorporate and re-allege all previous paragraphs set out herein.

30.     Defendants' actions and inactions demonstrate gross negligence, recklessness, and a wanton disregard for the rights and safety of Tim and the rest of the public. Therefore, Tim demands punitive damages against Defendants.

### Prayer for Relief

Plaintiffs demand a jury trial and judgment against the Defendants for an amount of special and compensatory damages to be determined by the jury. Plaintiffs also seek all costs of Court, pre-judgment interest after demand, post-judgment interest, attorney fees, and for any such other general relief which the Court and jury may deem appropriate.

Respectfully submitted this the 27th day of February, 2018.

**TIMOTHY TRIGG and ANGELA TRIGG, Plaintiffs**

_____
ALEJANDRO ACOSTA, TXB# 24064789
SAMUEL S. McHARD, TXB# 24095103
P. MANION ANDERSON, MSB# 104250, *Pro hac vice* pending

ALEJANDRO ACOSTA, TXB# 24064789
FLORES, TAWNEY & ACOSTA, P.C.
801 Myrtle Ave, Suite 100
El Paso, TX 79901
Ph: (915)308-1000
Fx: (915)300-0283
Em: aacosta@ftalawfirm.com

SAMUEL S. McHARD, TXB# 24095103
P. MANION ANDERSON, MSB# 104250, *Pro hac vice* pending
McHARD, McHARD, ANDERSON
& ASSOCIATES, PLLC
140 Mayfair Road, Suite 1500
Hattiesburg, MS 39402
Ph: (601) 450-1715
Fx: (601) 451-1719
Em: smchard@mchardlaw.com
    manderson@mchardlaw.com